**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MERRILL OXFORD,<br><br>            Plaintiff,<br><br>     vs.<br><br>SARA LEE BAKERY COMPANY,<br><br>            Defendant.<br>_____/ | CASE NO. CV F 05-1140 AWI LJO<br><br>**ORDER ON DEFENDANT'S MOTIONS TO COMPEL INITIAL DISCLOSURES AND INTERROGATORY RESPONSES**<br>(Docs. 11, 12.) |

**INTRODUCTION**

In this wrongful termination and related action, defendant Sara Lee Bakery Company ("Sara Lee") seeks plaintiff Merrill Oxford's ("Mr. Oxford's") F.R.Civ.P. 26(a) initial disclosures and interrogatory responses and to impose a $1,240 sanction on Mr. Oxford and/or his counsel. This Court considered Sara Lee's motions to compel on the record and without oral argument or the May 26, 2006 hearing, which this Court vacates. *See* Local Rule 78-230(h). For the reasons discussed below, this Court ORDERS Mr. Oxford and his counsel, no later than June 2, 2006, to:

1. SERVE complete F.R.Civ.P. 26(a)(1) initial disclosures and complete, straightforward answers, without objections, to Sara Lee's interrogatories, served on October 24, 2005; and

2. PAY jointly a $620 sanction to Sara Lee for failure to provide initial disclosures and interrogatory responses.

# BACKGROUND

Sara Lee employed Mr. Oxford as a route sales representative until July 2, 2003. On June 20, 2005, Mr. Oxford filed a wrongful termination and related action against Sara Lee in Fresno County Superior Court, and Sara Lee removed the action to this Court. On November 21, 2005, Sara Lee served its F.R.Civ.P. 26(a)(1) initial disclosures on Mr. Oxford. Defense counsel sent a January 19, 2006 letter to Mr. Oxford's counsel to request Mr. Oxford's initial disclosures. On January 20, 2006, Sara Lee served Mr. Oxford by mail its first set of interrogatories, which comprise 20 interrogatories seeking facts, witnesses and documents to support Mr. Oxford's claims.

Mr. Oxford failed to serve his initial disclosures and responses to Sara Lee's interrogatories. Defense counsel's March 2, 2006 letter to Mr. Oxford's counsel noted that Mr. Oxford had waived objections with his failure to respond to the interrogatories and requested full and complete responses no later than March 9, 2006. After Mr. Oxford's counsel failed to respond, defense counsel sent Mr. Oxford's counsel a March 23, 2006 letter to request complete responses no later than March 30, 2006.

After receiving no responses, Sara Lee filed its motions to compel initial disclosures and responses to interrogatories on April 14, 2006. In his opposition declaration, Mr. Oxford's counsel admits that the discovery responses are "outstanding," that he lacks "a legal basis on which to object to defendant's motion," and that Sara Lee is "entitled to responses."

# DISCUSSION

## Compelling Initial Disclosures And Discovery Responses

F.R.Civ.P. 26(a)(1) requires parties to disclose supportive witnesses and documents, damages computations and insurance information "without awaiting a discovery request" at or within 14 days after the scheduling conference.

F.R.Civ.P. 37(a)(2)(A) authorizes a motion to compel initial disclosures:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

F.R.Civ.P. 37(a)(2)(B) empowers a propounding party to bring a motion to compel interrogatory responses:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, . . . the discovering party may move for an order compelling an answer . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). The failure to respond to interrogatories "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." F.R.Civ.P. 37(d). An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.Civ.P. 37(a)(3).

Mr. Oxford has inexcusably failed to provide his initial disclosures given the were due no later than December 20, 2005. Mr. Oxford and his counsel have failed to provide responses to Sara Lee's routine interrogatories and good faith requests for responses. Mr. Oxford's counsel acknowledged that discovery responses are overdue, that Sara Lee is entitled to discovery responses, and that there are no grounds to object to the information sought by Sara Lee. Mr. Oxford's counsel fails to explain failure to respond and blatant disregard of Sara Lee's legitimate discovery. Sara Lee is entitled, without objections, to Mr. Oxford's initial disclosures and complete, straightforward answers, to the interrogatories.

## **Sanctions**

Sara Lee requests a sanction of $1,240 (eight hours multiplied by $155 hourly rate) for legal expenses to pursue its motions to compel Mr. Oxford's initial disclosures and interrogatory responses.

F.R.Civ.P. 37(c)(1) authorizes sanctions for failure to make initial disclosures:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Moreover, if a motion to compel interrogatory responses is granted, "the court shall, after

affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action . . . or that other circumstances make an award of expenses unjust." F.R.Civ.P. 37(a)(4)(A).

Mr. Oxford and his counsel ignored Sara Lee's attempts to obtain initial disclosures and interrogatory responses without this Court's order to compel. No circumstances appear to render unjust an award of Sara Lee's expenses to pursue their motions to compel. Although Sara Lee's attorney billing rates are reasonable, questions arise as to the devotion of eight hours of attorney time to prepare the simple papers. Such time appears excessive given that such tasks could have been accomplished in four hours. As such, a $620 sanction is appropriate.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court ORDERS Mr. Oxford and his counsel, no later than June 2, 2006, to:

1. SERVE complete F.R.Civ.P. 26(a)(1) initial disclosures and complete, straightforward answers, without objections, to Sara Lee's interrogatories, served on October 24, 2005; and

2. PAY jointly a $620 sanction to Sara Lee for failure to provide initial disclosures and interrogatory responses.

This Court VACATES the May 26, 2006 hearing on Sara Lee's motions to compel.

IT IS SO ORDERED.

**Dated:   May 22, 2006**           /s/ Lawrence J. O'Neill
66h44d                              UNITED STATES MAGISTRATE JUDGE